

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2007

# In Re: Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5107

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"In Re: Robinson " (2007). *2007 Decisions.* Paper 1137.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1137

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-100                                                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5107
_____

IN RE: RUSSELL ROBINSON,

Petitioner

_____

On a Petition for Writ of Mandamus from the
District of the Virgin Islands
(Related to Civ. No. 04-cr-00005-02)
_____

Submitted Under Rule 21, Fed. R. App. P.
January 19, 2007

BEFORE: MCKEE, FUENTES AND ROTH, CIRCUIT JUDGES

(Filed May 3, 2007)

_____

OPINION
_____

PER CURIAM

        Russell Robinson was charged with multiple crimes in a multi-defendant

indictment filed on April 11, 2003.  He was tried before a jury in the Virgin Islands and

found guilty on August 3, 2005.  Robinson filed numerous post-trial motions, each of

which the District Court considered and disposed of.  On December 22, 2006, Robinson

filed a petition for a writ of mandamus with this Court pursuant to 28 U.S.C. § 1651,

seeking to void his trial and prohibit the District Judge from proceeding with the sentencing hearing. He argues in the alternative that the jury did not, in fact, convict him and that the entire proceeding was invalid due to prosecutorial error.[1] Because Robinson was sentenced on February 16, 2006, his attempt to prevent sentencing is now moot.

To the extent that Petitioner seeks to have his trial declared void, we note that mandamus is a drastic remedy granted only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To prevail, the petitioner must establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, and the reviewing court must determine that the writ is appropriate under the circumstances. Id. at 378-79. Mandamus cannot be used as a substitute for appeal. See, e.g., Id. At 372. The regular appeal process for criminal cases clearly provides an adequate means for Robinson to raise his concerns about his trial. Present consideration of those claims would allow petitioner to circumvent that appeals process.

For the foregoing reasons, we will deny the petition for a writ of mandamus.

---

[1] Petitioner also describes many other perceived errors in the proceeding but acknowledges that it is inappropriate to raise them at this time.